IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARQUES BLOOMFIELD | : | CIVIL ACTION |
| | : | NO. 15-1013 |
| v. | : | |
| | : | |
| WISSINOMING VOLUNTEER TRUST | : | |
| AID CORPS, INC., et al. | : | |

O'NEILL, J.                                                                                       July 6, 2015

## MEMORANDUM

Plaintiff Marques Bloomfield claims that defendants Wissinoming Volunteer First Aid Corps, Inc. and Wissinoming Ambulance, Inc. violated his rights under 42 U.S.C. § 1981 (Count I) and that defendants violated Pennsylvania common law when they wrongfully terminated his employment (Count II). Now before me are defendants' motion for judgment on the pleadings on both counts or, in the alternative, for summary judgment on Count II (Dkt. No. 6), plaintiff Marques Bloomfield's response (Dkt. No. 7) and defendants' reply (Dkt. No. 8). For the reasons that follow I will dismiss both counts of plaintiff's complaint with leave to amend.

## BACKGROUND

Plaintiff worked as an Emergency Medical Technician and ambulance driver for defendants beginning on August 13, 2012.[1] Dkt. No. 4 at ECF 2, ¶ 15. He claims he was terminated on or about February 23, 2014. Dkt. No. 7 at ECF 3, ¶ 16. The exact circumstances and reasons that contributed to plaintiff's termination are in dispute.

As an EMT, plaintiff claims he had a duty to transport Medicare recipients and submit

---

[1] Plaintiff's complaint alleges plaintiff began work "in or about July 2014" (Dkt. No. 1 at ECF 6, ¶ 15), while defendants claim plaintiff "was hired on August 13, 2012" (Dkt. No. 4 at ECF 3, ¶ 15). The date of plaintiff's hiring provided in plaintiff's complaint is likely a typographical error, as plaintiff also alleges he was fired from the same job "on or about February 23, 2014" (Dkt. No. 1 at ECF 3, ¶ 16), an earlier date than the date he was allegedly hired.

Medicare documentation for billing and payment purposes.  Dkt. No. 1 at ECF 6, ¶ 18.  Defendants allegedly required plaintiff to report false information in Medicare documentation in order to obtain fraudulent payments from Medicare.  Id. at ¶ 19.  Plaintiff avers that he refused to falsify documents and defendants subsequently gave him less favorable shifts.  Id. at ¶ 20.  Plaintiff claims defendants then terminated his employment when he informed his supervisor that he was going to report the allegedly fraudulent behavior.  Id. at ¶ 23.

On February 26, 2015, plaintiff filed this action.  Count I of plaintiff's complaint alleges a claim against defendants under 42 U.S.C. § 1981.  Id. at ECF 8, ¶ 31.  Count II alleges a claim under Pennsylvania common law for wrongful termination.  Id. at ECF 9, ¶¶ 33-34.  Plaintiff bases both of his claims on his allegation that the termination of his employment was directly related to his refusal to falsify Medicare reports.  Id. at ECF 8-9, ¶¶ 31, 34.

On May 8, 2015, defendants filed a motion seeking judgment on the pleadings for both counts of plaintiff's complaint pursuant to Rule 12(c) of the Federal Rules of Civil Procedure or, alternatively, for summary judgment on Count II pursuant to Rules 12(d) and 56(a).  Dkt. No. 6.  Their motion attaches an affidavit from Michael Fasone, plaintiff's former direct supervisor from his time working for defendants as an EMT.  Id. at ECF 2.  The affidavit attaches a series of written records that document plaintiff's frequent lateness and also attaches Fasone's deposition transcript.  Id. at ECF 11.  At his deposition, Fasone testified that plaintiff had a history of chronic lateness which adversely affected defendants' ability to maintain their scheduled obligations.  Dkt. No. 6-1 at ECF 2-3, ¶¶ 3-4.  According to Fasone, defendants issued plaintiff seven written warnings, as well as "verbal" warnings, for lateness between May 12, 2013 and February 24, 2014.  Id. at ECF 2, ¶ 3.  On January 20, 2014, defendants placed plaintiff on probation for thirty days and informed him that any lateness during that thirty-day period would

result in his termination.  Id. at ECF 3, ¶ 6.  Plaintiff was late for his shift on February 22, 2014, during the probation period, and defendants terminated his employment two days later.  Id. at ECF 4, ¶ 7.

On May 22, 2015, plaintiff filed a response in opposition to defendant's motion for judgment on the pleadings and requested leave to amend his complaint.  Dkt. No. 7.  Defendants timely filed a reply on May 27, 2015.  Dkt. No. 8.

### STANDARD OF REVIEW

A party may move for judgment on the pleadings "[a]fter the pleadings are closed – but early enough not to delay trial."  Fed. R. Civ. P. 12(c).  In deciding a motion for judgment on the pleadings, the Court considers the pleadings and exhibits attached thereto, matters of public record and "undisputedly authentic documents attached to the motion for judgment on the pleadings if plaintiffs' claims are based on the documents."  Atiyeh v. Nat'l Fire Ins. Co. of Hartford, 742 F. Supp. 2d 591, 595 (E.D. Pa. 2010).  Rule 12(c) motions are reviewed under the same standard that applies to motions to dismiss for failure to state a claim pursuant to Rule 12(b)(6).  See Turbe v. Gov't of V.I., 938 F.2d 427, 428 (3d Cir. 1991) (citations omitted).  Accordingly, in deciding a motion for judgment on the pleadings, I "must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party."  Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 220 (3d Cir. 2005).

The motion will be granted if the plaintiff has not articulated enough facts "to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  It is not enough for a plaintiff to allege mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id.  The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for

misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). The Court "may disregard any legal conclusions." Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009); see also Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

## DISCUSSION

I.  **Count I: Section 1981 Discrimination Claim**

Defendants move for judgment on the pleadings with regard to plaintiff's § 1981 claim alleging discrimination in employment. Section 1981 prohibits race discrimination in the formation, terms and conditions, and termination of contracts. 42 U.S.C. § 1981. In order to state a claim for relief under § 1981 plaintiff must show (1) that he belongs to a racial minority; (2) defendants intended to discriminate against him on the basis of race; and (3) discrimination concerning one or more of the activities enumerated in the statute, which includes the right to make and enforce contracts, to sue, be parties, and give evidence. Brown v. Phillip Morris, Inc., 250 F.3d 789, 797 (3d Cir. 2001), citing Yelverton v. Lehman, No. 94-6114, 1996 WL 296551, at *7 (E.D. Pa. June 3, 1996). Section 1981 can only be violated by intentional discrimination. General Bldg. Contractors Ass'n v. Pennsylvania, 458 U.S. 375, 391 (1982). "Simply stating that one endured race discrimination without presenting allegations suggestive of such conduct does not meet our pleadings standard." Funayama v. Nichia Am. Corp., No. 08-5599, 2009 WL 1437656, at *5 (E.D. Pa. May 21, 2009).

Defendants argue that in order to state a claim under § 1981 plaintiff must allege racial discrimination, but plaintiff failed to do so in his complaint. Dkt. No. 6 at ECF 7. Plaintiff counters that his complaint contains sufficient factual content to support his claim that defendants discriminated against him because he is African-American. Dkt. No. 7 at ECF 3, 6.

To the contrary, plaintiff fails even to state that he is African American and there is no language in his complaint linking his alleged discriminatory termination to his race.  See Dkt. No. 1.  Instead, his complaint states that "discrimination was based upon his refusal to file false Medicare Claims."  Id. at ECF 8, ¶ 31.  Plaintiff's complaint is thus insufficient to assert a claim for racial discrimination under § 1981.  See Azubuko v. E. Bank, 160 F. App'x 143, 145 (3d Cir. 2005) (holding that a plaintiff's complaint that alleged the defendant had subjected him to "constructive enslavement" when it included inaccurate information in his credit report was not sufficient to state a claim for racial discrimination under § 1981).  Therefore, I will dismiss plaintiff's Count I claim pursuant to Rule 12(c).

"[W]hen a complaint is vulnerable to dismissal on the pleadings, a 'district court must permit a curative amendment, unless an amendment would be inequitable or futile.'"  Andela v. Am. Ass'n for Cancer Research, 389 F. App'x. 137, 142 (3d Cir. 2010), quoting Philips, 515 F.3d at 236).  "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted."  In re Burlington Coat Factory Litig., 114 F.3d 1410, 1434 (3d Cir. 1997), citing Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996).  If plaintiff is able to plead his § 1981 claim for racial discrimination with more particularity he may be able to state a legally-cognizable claim.  Therefore, I will grant plaintiff leave to amend Count I of his complaint provided he is able to allege sufficient facts to support a claim that defendants intentionally discriminated against him on the basis of his race when they terminated his employment.

**II.     Count II: Pennsylvania Common Law Wrongful Termination Claim**

Defendants also seek judgment in their favor on plaintiff's state law claim for wrongful termination.  Under 28 U.S.C. § 1367(c), "district courts may decline to exercise supplemental

jurisdiction" over a state law claim if the court has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). I have dismissed Count I, plaintiff's federal claim, but I have done so with leave to amend the complaint. I anticipate that plaintiff will reassert his state law claim when filing any second complaint. Therefore, in the interest of judicial economy, I am exercising supplemental jurisdiction over Count II, plaintiff's state law claim and will consider defendant's motion with respect thereto. See M.U. v. Downingtown High Sch. East, No. 14-04877, 2015 WL 1893264, at *14 (E.D. Pa Apr. 27, 2015).

Before I reach the merits of plaintiff's wrongful termination claim, I must decide whether to consider defendants' motion with respect to the claim as a motion for summary judgment. Defendants move for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure or, in the alternative, for summary judgment pursuant to Rule 56. Under Rule 12(d), "if, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). To be treated as a motion for summary judgment under Rule 12(d), "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Id. "Whether to consider a motion on the pleadings as a motion for summary judgment is a matter for the court's discretion." Abbdulaziz v. City of Phila., No. 00-5672, 2001 WL 1257441, at *1 (E.D. Pa. Oct. 18, 2001) (citation omitted).

Plaintiff had notice of the evidence attached to defendants' motion (i.e., Fasone's affidavit, including his attached deposition testimony). Dkt. No. 6-1; see also Gulf Coast Bank & Trust Co. v. Reder, 722 F. Supp. 2d 505, 506 (D. Del. 2010) (holding that there is constructive notice of potential conversion to summary judgment when materials beyond the complaint are attached to movant's motion and non-movant has time to oppose the motion). Plaintiff also had

unambiguous notice of defendants' request that the Court convert their motion for judgment on the pleadings to a motion for summary judgment.  See, e.g., Dkt. No. 6 at ECF 3.  However, in plaintiff's response to defendants' motion, plaintiff fails to specifically address defendants' request for conversion and makes no effort to address the affidavit attached to defendants' motion.[2]  See Dkt. No. 7.  Instead, in his response, plaintiff requests leave to amend his complaint and time to conduct discovery to prove his wrongful termination claim, asserting that defendants "are in possession of information which is integral to further proving [p]laintiff's case which can not [sic] be yet obtained."  Id. at ECF 3, 4, 6.  Plaintiff thus contends he has not had an opportunity to adequately oppose the evidence presented by defendants in the affidavit with evidence of his own.  I agree, and thus I decline to exercise my discretion to consider defendants' motion as a motion for summary judgment.  Accordingly, I will not consider Fasone's affidavit in determining whether plaintiff has stated a claim for wrongful termination.

Defendants contend that plaintiff fails to state a claim for wrongful termination.  Under Pennsylvania law, "an employer may terminate an at-will employee with or without justification unless the reason for the discharge offends a clear mandate of public policy."  Clark v. Modern Group Ltd, 9 F.3d 321, 323 (3d Cir. 1993).  The public policy exceptions to the at-will employment doctrine "fall into three categories: an employer cannot require an employee to commit a crime, cannot prevent an employee from complying with a statutorily imposed duty, and cannot discharge an employee when specifically prohibited from doing so by a statute."  Shick v. Shirey, 691 A.2d 511, 513 (Pa. Super. Ct. 1997).  To state a claim for wrongful discharge a plaintiff must "point to a specific statute that either justified his act or made the one the employer proposed to take unlawful."  Clark, 9 F.3d at 330, citing Krajsa v. Keypunch, Inc.,

---

[2]     Plaintiff merely states in his response that "[d]efendants have failed to conduct any discovery and therefore, [d]efendant's Motion should be dismissed."  Dkt. No. 7 at ECF 3.

622 A.2d 355 (Pa. Super. Ct. 1993).

In his response to defendants' motion, plaintiff contends that the first public policy exception applies to his claim, arguing that "there is no question that the [d]efendants engaged in illegal activity that permits circumvention of the at-will employment doctrine." Dkt. No. 7 at ECF 9. He claims that "[d]efendants were engaging in committing Medicare fraud" and defendants required him to commit a crime during the course of his employment. Id. at ECF 8. However, an employee's belief that his employer is engaging in illegal conduct is not enough to support a wrongful termination claim. See Brennan v. Cephalon, No. 04-3241, 2007 WL 1382801, at *6 (D.N.J. May 8, 2007) (holding that a plaintiff who testified that his employer was not taking appropriate action, based on the plaintiff's own belief, did not have a wrongful termination claim). "[N]o federal case has permitted a Pennsylvania at-will employee to recover for wrongful discharge when he merely believes that the act he objected to was illegal." Clark, 9 F.3d at 330. Rather, it must be clear that the "act would be illegal or infringe upon a fundamental private right." Id.

Defendants correctly argue that in order to state a claim for relief under the public policy exception to Pennsylvania's at-will employment doctrine, plaintiff must point to a clear public policy articulated in the constitution, legislation, an administrative regulation or a judicial decision. Dkt. No. 6 at ECF 8; see also Medley v. SugarHouse HSP Gaming, No. 12-6284, 2013 WL 1157349, at *14 (E.D. Pa. Mar. 21, 2013), quoting Brennan v. Cephalon, No. 04-3241, 2007 WL 1382801, at *17 (D.N.J. May 8, 2007). Defendants contend that plaintiff fails to do so in his complaint. Dkt. No. 6 at ECF 8. I agree. "Public policy is to be ascertained by reference to the laws and legal precedents and not from general considerations of supposed public interest." Spierling v. First Am. Home Health Servs., Inc., 737 A.2d 1250, 1253 (Pa. Super. Ct. 1999). In

Spierling the court held that where a plaintiff "did not plead and has not cited to any legal authority which imposed a statutory duty upon her to . . . report [ ] alleged [Medicare] fraud to the federal investigators, [it could] afford her no relief on public policy considerations." Id. at 1254.

Here, plaintiff's complaint alleges that defendants required him to falsify Medicare documentation and he cites his refusal to do so as the reason for his termination, claiming this to be a violation of public policy under Shick v Shirey. See Dkt. No. 1 at ECF 9, citing Shick, 691 A.2d 511. Plaintiff cites to Shick to demonstrate that exceptions to the at-will employment doctrine exist, but Shick does not establish any clear mandate of public policy that defendants violated in this case. See Shick, 691 A.2d at 514 (holding narrowly that "a [statutory] cause of action exists under Pennsylvania law for wrongful discharge of an employee who files a claim for workers' compensation benefits"); see also Clark, 9 F.3d at 323. Here, as in Spierling, plaintiff has not sufficiently alleged any authority that would permit me to apply the public policy exception to the at-will employment doctrine. But see Spierling 737 A.2d at 1259 (Schiller. J., dissenting) ("providing legal recourse to an employee who is retaliated against for assisting in the elimination of health care fraud is a clear mandate of public policy"); In re First Am. Health Care of Ga., Inc., Nos. 98-02042, 96-20188, 1998 WL 34067209, at *1 (S.D. Ga. Dec. 16, 1998) (holding that "[o]btaining reimbursements from the Medicare system and the United States government in a fraudulent manner is a criminal violation of federal law" and that a clear mandate of public policy exists to prevent such activity).

A court granting a motion for judgment on the pleadings should freely grant leave to amend pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, unless amending the complaint would be futile. Accurso v. Infra-Red Services, Inc., 23 F. Supp. 3d 494, 501 (E.D.

Pa. 2014). Plaintiff may be able to identify a clear mandate of public policy that defendants violated when they terminated his employment. I will therefore grant plaintiff leave to amend Count II of his complaint provided plaintiff can sufficiently plead that defendants violated a clearly defined mandate of public policy when they terminated his employment. "Because the Court will permit amendment, "at this time it would be premature for the Court to award judgment as a matter of law." Gerlach v. Volvo Cars of North America, No. 96-CV-1476, 1997 WL 129004, at *6 (E.D. Pa. Mar. 17, 1997). I will therefore dismiss Count II of plaintiff's complaint with leave to amend.[3]

    An appropriate Order follows.

---

[3] If, on amendment, plaintiff is able to set forth a viable public policy exception, his claim might still fail if defendants are able to set forth a legitimate reason for his termination. See Cisco v. United Parcel Services, Inc., 476 A.2d 1340, 1344 (Pa. Super. Ct. 1984) ("even when an important public policy is involved, an employer may discharge an employee if he has separate, plausible and legitimate reasons for doing so"). Defendants argue that they had a legitimate reason for plaintiff's termination – chronic lateness – as is further set forth in Fasone's affidavit. See Dkt. No. 6-1. Ordinarily this would be a question for the jury unless previously resolved on a motion for summary judgment.