IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARQUES BLOOMFIELD | : | CIVIL ACTION |
| | : | NO. 15-1013 |
| v. | : | |
| | : | |
| WISSINOMING VOLUNTEER FIRST | : | |
| AID CORPS, INC. and WISSINOMING | : | |
| AMBULANCE, INC. | : | |

O'NEILL, J.                                                                                          October 27, 2015

## MEMORANDUM

Now before me is a motion for partial summary judgment by defendants Wissinoming Volunteer First Aid Corps, Inc. and Wissinoming Ambulance, Inc. (Dkt. No. 17) on Count II of plaintiff Marques Bloomfield's amended complaint (Dkt. No. 14).[1]  For the reasons that follow, I will deny defendants' motion.

Plaintiff sued defendants after defendants terminated his employment in February 2014. Dkt. No. 14 at ¶¶ 15, 17.  In Count II of his amended complaint, plaintiff alleges that defendants wrongfully terminated him in violation of Pennsylvania public policy.  Id. at ¶¶ 39-40.  Plaintiff contends that defendants terminated him because he refused to falsify Medicare billing documents, an act which plaintiff claims would have exposed him to legal penalties for filing false reports to Medicare.  Id. at ¶¶ 40-41.  Count I of plaintiff's complaint alleges that his "termination, harassment, hostile work environment, and discrimination" also stemmed from "his refusal to file false Medicare [c]laims, and . . . racial animus" in violation of 42 U.S.C. § 1981.  Id. at ¶ 37.  Defendants' motion is unusual because the claims in Counts I and II of

---

[1]    I granted defendants' motion to dismiss both counts of plaintiff's initial complaint with leave to amend on July 6, 2015.  Plaintiff filed an amended complaint on July 27, 2015.

plaintiff's amended complaint are overlapping, but defendants direct their motion only to Count II.

For defendants to prevail on their motion, they must show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A 'genuine dispute' exists if a reasonable jury could find for the nonmoving party." Zimmerman v. Norfolk S. Corp., 706 F.3d 170, 176 (3d Cir. 2013). The nonmovant must raise "more than a mere scintilla of evidence in its favor" in order to overcome a summary judgment motion and cannot survive by relying on unsupported assertions, conclusory allegations, or mere suspicions. Williams v. Borough of W. Chester, 891 F.2d 458, 460 (3d Cir. 1989).

Defendants base their motion on plaintiff's late response to defendants' request for admissions. Defendants sent plaintiff a request for admissions on August 13, 2015, to which plaintiff only responded on October 14, 2015 after defendants filed their motion for summary judgment.[2] Dkt. No. 17-1 at ECF p. 2; Dkt. No. 20-1, Ex. A. Defendants requested that plaintiff admit that he was late for work on seven occasions between May 2013 and February 2014 and that he was placed on a thirty-day probation period on January 30, 2014. Dkt. No. 17-1 at ECF p. 3-7. Defendants also asked plaintiff to admit that he knew that he would be terminated if he was late within his thirty-day probation period and that he was in fact late within that thirty-day period. Id. at ECF p. 6-7. On the basis of their request for admissions and plaintiff's failure to timely respond, defendants seek summary judgment on Count II of plaintiff's complaint, arguing that they did not wrongfully terminate plaintiff because his lateness constituted a separate,

---

[2] Federal Rule of Civil Procedure 36(a)(3) deems matters in a request for admissions as admitted unless the responding party submits a written answer or objection within thirty days after being served.

plausible and legitimate reason for his termination without violating Pennsylvania public policy. See Cisco v. United Parcel Servs., Inc., 476 A.2d 1340, 1343 (Pa. Super. Ct. 1984).

      Plaintiff opposes defendants' motion by arguing that "there is a question of fact as to why the Plaintiff was terminated" and that defendants' motion is based solely on his late response to their request for admissions, a response which defendants now have. Dkt. No. 19 at ECF p. 4. In his belated response to defendants' request for admissions, plaintiff admits that he was late on all relevant dates, including during the probation period when he was terminated. Dkt. No. 20-1 at ECF p. 5. Plaintiff also admits to acknowledging all of his late arrivals on defendants' employee corrective action forms.[3]  Id.  Further, plaintiff's response to defendants' motion does not cite to the record or provide any supporting documentation to show that there remains a genuine dispute as to any material fact on Count II. Instead, plaintiff rests his opposition on his assertion that no discovery other than defendants' request for admissions has been completed. Dkt. No. 19 at ECF p. 4.

      Although ordinarily plaintiff's response to defendants' motion would not be sufficient to withstand summary judgment, I must consider the relationship of plaintiff's two counts in ruling on defendants' motion. Even when an entry of summary judgment for the moving party may otherwise be proper, "the exercise of sound judicial discretion may dictate that the motion should be [d]enied, and the case fully developed." McLain v. Meier, 612 F.2d 349, 356 (8th Cir. 1979). Courts have discretion to "deny summary judgment as to portions of the case that are ripe therefor, for the purpose of achieving a more orderly or expeditious handling of the entire litigation." Powell v. Radkins, 506 F.2d 763, 765 (5th Cir. 1975); see also In re G-I Holdings Inc., No. 01-30135, 2007 WL 1412294, at *3 (D.N.J. May 14, 2007) (postponing ruling on a

---

[3]    Accordingly, it matters not for purposes of this motion whether defendants' requests for admissions should be deemed admitted because of plaintiff's untimely response.

partial summary judgment motion due to the efficiency of deciding the issue on a case dispositive summary judgment motion or at trial).

Both of plaintiff's claims involve defendants' reason for plaintiff's termination. The facts underlying Count I and Count II are intertwined. If I were to decide defendants' motion for summary judgment solely on Count II, my holding could have a preclusive effect on defendants' reason for terminating plaintiff in Count I. A decision on Count II could have this preclusive effect without giving the parties an opportunity to address the issue of the reason for plaintiff's termination in the context of Count I. I find that it would be premature and inefficient to decide defendants' motion solely on Count II at this stage in the litigation. Accordingly, I will deny defendants' motion for partial summary judgment on Count II without prejudice until discovery is completed, at which time defendants may, if they choose, file a motion for summary judgment on both counts.

An appropriate Order follows.